UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLARENCE WILLIAMS,

       Plaintiff,

     v.

UNITED AIRLINES, INC.,

       Defendant.

No.  C 19-02988 WHA

**ORDER RE ADMINISTRATIVE MOTION TO SEAL**

    Our federal courts belong to the people, not to corporate America.  The public has every right and every interest in looking over our shoulders to see why and how we grant relief (or not) and specifically what record justified (or not) the relief.  So, our court of appeals has recognized a strong presumption of public access to our records.  Sealing a record requires, without "hypothesis or conjecture," a compelling factual basis that *outweighs the public interest in disclosure*.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (emphasis added); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

United States District Court
Northern District of California

Plaintiff, with defendant's support, moves to file under seal certain portions of the summary judgment briefing and record.  Defendant offers security-related reasons for sealing the United Flight Manual and Pilot Bulletins.  The request to seal substantive portions of the Manual and Bulletins, and substantive discussions of what they contain related to airline operation, is **GRANTED**.  Defendant should be aware, however, that if this case proceeds to trial, it may not be possible to clear the courtroom for discussion of the Manual and what it contains.  For example, the correct interpretation of certain portions of the Manual and proposed changes to it are material disputes going to the heart of the case.  Testimony on this issue appears likely.

The requests to seal dates of birth, social security numbers, physical and email addresses, phone numbers, and medical information are also **GRANTED**.  The request to seal contents of the "wiretapped" conversation is **DENIED** at this time.  This issue was discussed in public orders.  United has not offered a compelling reason that outweighs public interest in record supporting the summary judgment record; any violation of the Wiretap Act does not articulate a compelling factual basis.  United argues that revealing pay and benefits information would hurt it competitively.  United has not prevented compelling reasons that outweigh these documents' relevance to the heart of the case, so the request is **DENIED**.  Requests to seal generic references to operations, other individuals, and job duties are **DENIED** notwithstanding United's claim that disclosures of operations would economically disadvantage it.  As this is nonspecific, it is not compelling.  Moreover, this information's relevance outweighs the stated reason United wishes to maintain privacy (see Exh. C, below).  For example, nothing at Melby Decl. Exhibit E, Bates No. UNITED-WILLIAMS – 00075 shall be filed under seal.

This order will not rule on the copious requests individually, but will give several examples of applying the above:

| Docket Number | Description | Portion to be sealed |
|---|---|---|
| Melby Decl., Exh. M | Analysis of Alleged Economic Damages | None. |
| Melby Decl., Exh. C | Deposition of Clarence Williams, and exhibits thereto | At Bates Nos. WILLIAMS 024908–024909, excluding the passage "this problem … trouble" at 024908. |

All other requests are **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 4, 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California